Paul C. TOOKS and Alma Tooks, Plaintiffs
In Error,

v.

Olive CARROLL, and L. E. Nance and L. E.
Nance, Jr., co-partners, doing business as
Nance Investment Co., and L. E. Nance
and L. E. Nance, Jr., individually, Defend-
ants In Error.

No. 36418.

Supreme Court of Oklahoma.

May 17, 1955.

Rehearing Denied June 14, 1955.

Wayne W. Bayless, Oklahoma City, for plaintiffs in error.

Paul Pugh, Oklahoma City, for defendants in error.

PER CURIAM.

Paul C. Tooks and Alma Tooks sued Olive Carroll, and L. E. Nance and L. E. Nance, Jr., praying judgment against the defendants that a certain written agreement or offer to purchase property be cancelled, and that a certain negotiable note and chattel mortgage be returned to the plaintiffs.

The defendant Carroll, in cross-petition, sought specific performance of contract to purchase property as against the plaintiff, Paul C. Tooks.

Ultimate judgment, the subject of this appeal, was that the cross-petitioner Olive Carroll, was decreed specific performance of contract of purchase as against plaintiff, Paul C. Tooks.

Alma Tooks was joined as a party plaintiff because she and Paul C. Tooks were named as the payees and mortgagees in the note and chattel mortgage above named, which secured note was to have been a part of the consideration offered by Tooks. The said note and mortgage had been delivered to the defendants Nance by the plaintiff Paul C. Tooks at the same time said plaintiff had delivered to Nance a written offer to purchase certain property owned by Olive Carroll, for whom the defendants Nance were the agents. Before

trial the said note and mortgage were surrendered into court. At the trial it was shown that the said note and mortgage had been paid and discharged. The relief sought against the defendants Nance was surrender of the note and mortgage. Judgment was entered that plaintiffs take nothing as against these defendants.

In appeal from the judgment in favor of the defendant Carroll the plaintiffs argue there was never an existing or completed contract between the plaintiff Paul C. Tooks and the defendant Carroll.

The record discloses facts as follows: Defendant Carroll owned an apartment building of several rooms, all fully furnished; defendants Nance, real estate brokers, were agents of Carroll to sell the property; Tooks signed and delivered to Nance a written offer to purchase the apartment house and furniture therein contained for a stated sum to be paid in a particular manner; thereafter the defendant Olive Carroll signed and delivered to Nance a written acceptance of the offer, stating that she agreed to deliver and convey the said property involved; Nance informed plaintiff Tooks that his offer had been accepted and he thereupon commenced investigation of the title. On revisiting the premises Tooks discovered that certain furniture of substantial amount had been removed from the premises since his former visit, and since his offer to purchase; plaintiff mentioned the missing furniture to Nance who stated that he would see that the furniture was restored; several days thereafter plaintiff again visited the premises and found that the said furniture was still missing, and again was told by Nance that such furniture would be restored. Several days thereafter the plaintiff delivered to the agent Nance a written notice to the effect that the plaintiff would no longer go forward with his offer to purchase the apartment house and the furniture therein. At this time the removed furniture was not back in place as it had been at the time of the plaintiff's written offer to purchase the house and the furniture therein, and a substantial part of the removed furniture had not been returned at all.

The defendant Carroll in pleading and in testimony stated, in substance, that she removed certain furniture from the apartment house involved, and that she removed same because she was under the impression that she had told her broker, L. E. Nance, Jr., that such furniture did not go in the transaction of sale of the apartment house; that it was her understanding that certain of the furniture was to be removed from the apartment house in event of sale of the premises. Thus it is shown, and without contradiction, that plaintiff Tooks and defendant Nance treated the offer as an offer to purchase the building and all the furniture, while defendant Carroll treated and understood her acceptance as covering only part of the furniture then located in the building.

In Swanson v. McCall, 138 Okl. 67, 280 P. 427, it was held:

"To constitute an acceptance of offer to purchase property so as to make a binding contract of sale, the acceptance must be unconditional and coextensive with all the terms and provisions of the offer."

In Bartholomew v. Clausen, 181 Okl. 88, 72 P.2d 718, 720, it was aptly said:

"A contract by correspondence is not complete until the communications have passed beyond the state of tentative negotiations. If the acceptance imposes new conditions, it does not seal the contract, for the offerer may not be willing. His inclination to enter into the contract may be so weak that the imposition of even the slightest additional burden upon him, in the form of new conditions contained in the acceptance, would cause his decision not to make the contract at all. Thus if the acceptance is conditional it is not an acceptance but is in reality a counteroffer, and no contract is made until the new condition has been accepted by the original offerer, and it, in its own turn, must be accepted unconditionally. The acceptance, whether it be of the original offer or of new matter embodied in the would-be ac-

ceptance, must comprehend the whole of the proposition as made, and must not qualify the offer by any new matter.

"The case is governed by the general rule of law stated in the first syllabus of Harder v. Parkes, 91 Okl. 16, 215 P. 609: 'If the terms as offered for the sale of real estate are not accepted in the form and manner as made, or the person to whom made, makes a counter proposition accepting in part the conditions of the offer, and embodying new provision, which the proposed seller does not accept, the negotiations so made do not result in a binding contract on the parties.' "

Herein it appears that upon notice of the plaintiffs' written offer to purchase the apartment house and furniture therein the defendant Carroll acted promptly to remove certain furniture from the apartment house. Although the defendant Carroll signed a writing, in substance, stating an acceptance of the plaintiff's offer, her further act is removing the furniture demonstrated a conditional acceptance, and in reality a counter offer to sell the property to the plaintiff on the terms he had offered less certain furniture which the plaintiffs' original offer contemplated and included.

We find no sufficient evidence that a binding contract was ever made or existed between the plaintiff and defendant. The judgment and decree against the plaintiff for specific performance of contract is reversed, and the cause is remanded with directions to render judgment for the plaintiff.

WILLIAMS, V. C. J. and WELCH, CORN, DAVISON, ARNOLD, JACKSON, and SMITH, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.

JOHNSON, C. J., having certified his disqualification in this case, Honorable J. J. SMITH, Miami, Oklahoma, was appointed Special Justice in his stead.